IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIKA DAVIDA PAIR, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-23-404 |
| BOARD OF LIQUOR LICENSE COMMISSIONERS FOR BALTIMORE CITY, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant Board of Liquor License Commissioners for Baltimore City ("BLLC") moves this Court to dismiss *pro se* Plaintiff Erika Davida Pair's Complaint. ECF Nos. 1, 17. After considering the Motion and the responses thereto (ECF Nos. 17, 22, 24), the Court finds that no hearing is necessary.[1] Loc.R. 105.6 (D.Md. 2023). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED and Plaintiff's claims are dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

The following represents the totality of the factual allegations presented in Plaintiff's Complaint, the documents attached thereto, and the documents attached to Defendant's Motion to Dismiss. ECF Nos. 1, 17. Plaintiff was the co-owner of 411 East, LLC, which operated the Red Room Cabernet, LLC ("Red Room"), an adult entertainment establishment in Baltimore, Maryland. ECF Nos. 1 at 5; 17-3 at ¶¶2-9. Plaintiff owned 25% of 411 East, LLC while her business partner, Mr. Steven Kougl, owned the other 75%. ECF No. 17-3 at 1. The liquor and adult

---

[1] On March 24, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings pursuant to Standing Order 2019-07. ECF No. 5. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 15.

1

entertainment licenses that allowed the Red Room to operate were issued and held in the name of 411 East, LLC. ECF No. 1-1.

On January 16, 2020, Mr. Kougl filed to dissolve the 411 East, LLC without informing Plaintiff. ECF Nos. 1-1 at 1; 17-3 at 8. Because Plaintiff was not notified of the dissolution, she was not able to timely file the paperwork necessary to have the liquor and adult entertainment licenses transferred to a new entity. ECF No. 17-3 at ¶¶5-6. Therefore, in accordance with Maryland Code, Alcoholic Beverage Article, §4-702(b), the entity's licenses lapsed.[2] ECF No. 1-1 at 1.

Following the dissolution of 411 East, LLC, Plaintiff, still unaware of Mr. Kougl's actions, continued to operate the Red Room as if the liquor and adult entertainment licenses were active. ECF No. 17-3. Because she was operating the establishment without a license, on February 14, 2020, BLLC inspectors and the Baltimore Police Department entered the Red Room, took the licenses off the wall, forced customers and staff to vacate the premises, and barred the doors. ECF No. 1 at 2. Plaintiff subsequently received a letter from BLLC's Deputy Executive Secretary explaining that the licenses had lapsed due to the dissolution of 411 East, LLC. ECF No. 1-1 at 1.

On March 5, 2020, Plaintiff filed suit in the Circuit Court for Baltimore City against Mr. Kougl for breach of his fiduciary duties. ECF No. 17-3 at 1. Among other things, Plaintiff alleged that "[n]o meeting of the members was held prior to the dissolution, and no notice given to any members besides [Mr. Kougl]." *Id.* at ¶10. She also alleged that Mr. Kougl's actions triggered "a liquor board rule that requires the licensee to file a hardship to preserve the licenses or sell them at a future date." *Id.* at ¶¶6-7. On September 19, 2022, the circuit court issued a judgment in favor

---

[2] Maryland Code, Alcoholic Beverage Article, §4-702(b) provides that "a license issued by a local licensing board expires on the 10th day after a license holder has vacated or been evicted from the licensed premises."

2

of Plaintiff and against Mr. Kougl in the amount of $31,250.00. ECF No. 17-4 at 1. The court also ordered that the State Department of Assessments and Taxation reinstate the charter of 411 East, LLC and that the BLLC "reinstate the Class BD7 Tavern Liquor License, with accompanying Adult Entertainment." *Id.* at 2.

Plaintiff filed suit against BLLC in this Court on February 13, 2023. ECF No. 1. She seeks a variety of damages related to the closure of the Red Room. *Id.* at 8. Specifically, Plaintiff requests $5,000,000.00 in punitive damages and $684,375.00 in compensatory damages. *Id.* Defendant filed the instant motion to dismiss on June 8, 2023. ECF No. 17. Plaintiff responded in opposition on July 14, 2023 and Defendant replied on July 31, 2023. ECF Nos. 22, 24.

### DISCUSSION

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, but not legal conclusions couched as factual allegations. *Id.* (citations omitted). When

deciding a motion under Rule 12(b)(6) courts may, in addition to the complaint and matters of public record, "consider documents attached to the complaint, *see* Fed.R.Civ.P 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 (4th Cir. 2021) ("[W]e may consider authentic, extrinsic evidence that is integral to the complaint, as well as matters of public record.").

As is the case here, "[a] document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied,* 141 S.Ct. 1376 (2021) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)).

**Subject-Matter Jurisdiction**

Before delving into the merits of Defendant's Motion to Dismiss, the Court must first determine whether it has jurisdiction to hear this matter. Federal Courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobile Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005). "Federal jurisdiction is . . . available when a 'federal question' is presented or there is diversity of citizenship of the parties." *Manning-Kirby v. Betaphour*, No. GJH-16-18, 2016 WL 393862, at *1 (D.Md. Jan. 29, 2016) (citing U.S. Const. art. III, §2, 28 U.S.C. §§1331, 1332).

Federal Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

4

(2010). Under the "well-pleaded complaint" rule, the facts establishing subject-matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

Congress has invested district courts with original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, commonly called "federal question jurisdiction." 28 U.S.C. §1331; *Exxon Mobil Corp.*, 545 U.S. at 552. While Plaintiff asserts in her Complaint that this action is premised on federal question jurisdiction, she has not referenced or cited any federal statutes. ECF No. 1. Even construed liberally, the Court is not able to discern a cause of action based on a federal question jurisdiction and it is not required to "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Accordingly, the Court finds that Plaintiff has not met her burden to establish subject-matter jurisdiction based on a federal question.

Federal courts are also vested with diversity jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. §1332(a)(1). At first glance, the parties in this case appear to be diverse as Plaintiff lists a Virginia address on her Complaint and Defendant is a resident of Maryland.[3] ECF No. 1. However, in response to Defendant's Motion, Plaintiff asserts that she is "a citizen of Baltimore, Maryland" and that her "established residency for the liquor license is at 502 Normandy Ave., Baltimore, Maryland . . . even though [she] work[s] in Virginia."

---

[3] The Court notes that Plaintiff did not indicate in her Complaint that she was asserting diversity jurisdiction. ECF No. 1 at 3.

5

ECF No. 22 at 2. Because, by her own admission, Plaintiff and Defendant are both citizens of the State of Maryland, they are not diverse, and this Court cannot assert diversity jurisdiction. *See Fed.R.Civ.P.* 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the Court finds that Plaintiff has failed to carry her burden of establishing that this Court has subject-matter jurisdiction over the case. As such, her Complaint must be dismissed.

**Defendant's Motion**

<u>Failure to State a Claim for Relief</u>

Even assuming arguendo that Plaintiff had established subject-matter jurisdiction, the Court would still find that dismissal of her Complaint was appropriate. Among other things, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 17-2 at 15-19. Although Plaintiff's Complaint is entitled to "liberal construction," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "even a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief," *Wilson v. Wexford Health Sources, Inc.*, No. GLR-18-2175, 2020 WL 510332, at *4 (D.Md. Jan. 31, 2020) (citations omitted). "While *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for the City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Here, even under a liberal construction, it is entirely unclear to the Court what causes of action Plaintiff is asserting. ECF No. 1. The only substantive facts pleaded in Plaintiff's Complaint are that "the Baltimore City Police Department and BLLC came in and took [her] liquor licenses off the wall, forced customers[] and staff to vacate the premises[,] and barred the doors while the

business was in compliance." ECF No. 1 at 5. These facts, standing alone, do not plausibly state a claim for which relief may be granted. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). As Defendant points out, the Court is unable to even make the threshold determination of whether Plaintiff "seeks recovery based upon a tort, contract, or some other legal theory." ECF No. 17-2 at 12. This is particularly problematic in this case as Defendant has asserted various claim dependent immunities, such as Eleventh Amendment immunity and immunity under the Maryland Tort Claims Act. ECF No. 17-2 at 5-14.

Additionally, to the extent that Plaintiff asserts that the BLLC improperly revoked 411 East, LLC's licenses, Plaintiff has failed to avail herself of the administrative remedies outlined in Maryland Code, Alcoholic Beverage Article, §§4-901 *et seq*. Under this statutory scheme, "a holder of a license issued by the local licensing board" or "any applicant for a license" may "petition for judicial review of a decision of a local licensing board to the circuit court of the county where the local licensing board sits." Md. Code, Al. Bev., §4-903. While Plaintiff did file an action in the Circuit Court for Baltimore City, it was brought only against her former business partner, Mr. Kougl, and not against the BLLC. ECF No. 17-3 at 1.

For these additional reasons, the Court finds that Plaintiff's claim must be dismissed.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion to Dismiss (ECF No. 17) is GRANTED. A separate Order will follow.

Date: 3 August 2023

A. David Copperthite
United States Magistrate Judge